IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TINIKA SE'CAL WARREN,              )<br>                                    )<br>            Plaintiff,              )<br>                                    )<br>     v.                             )<br>                                    )<br>GBF MEDICAL GROUP et al. and        )<br>others, investors, affiliates;      )<br>FIRST CHOICE PERSONNEL, LLC;        )<br>and GENOVA DIAGNOSTICS,             )<br>                                    )<br>            Defendants.             ) | 1:21-CV-491 |

**MEMORANDUM ORDER**

Plaintiff Tinika Se'Cal Warren, proceeding *pro se*, brings this action against Defendants GBF Inc., others, investors, affiliates, First Choice Personnel, LLC, and Genova Diagnostics for alleged unlawful discrimination pursuant to Title VII of the Civil Rights Act of 1964.[1]  (Doc. 2 at 4.)  Before the court is Defendant GBF Inc.'s motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. The court issued Warren a Roseboro[2] letter (Doc. 10), and she filed a one-sentence response (Doc. 13); GBF has filed a reply (Doc. 14).  For the reasons set forth below, GBF's motion based on Rules

---

[1] GBF Inc. notes that the complaint incorrectly lists it as "GBF Medical Group."  (Doc. 7 at 1.)  Warren does not make clear in her complaint which of the remaining Defendants participated in the alleged unlawful conduct, and how.

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (requiring notice of right to respond and that failure to do so may result in adverse ruling).

12(b)(4) and 12(b)(5) will be granted, and Plaintiff's complaint will be dismissed without prejudice.

## I. BACKGROUND

First Choice Personnel, a staffing agency, assigned Plaintiff Warren as a temporary employee to GBF in January 2021. (Doc. 7 at 2.) Warren worked for GBF until June 2021, when she hand-delivered her present complaint to her supervisor, Sonia Chum, GBF's Print Room Manager. (Id.) Warren filed this lawsuit on June 16, 2021. In it she alleges that Defendants unlawfully discriminated against her by failing to hire her, promote her, or accommodate her disability on account of her race, color, sex, religion, and disability. (Doc. 2 at 4.) The docket reflects that while a blank summons was mailed to Warren, she has not sought to have one issued for GBF, and the only notice GBF has received regarding this case results from Warren delivering her complaint to her supervisor on June 16, 2021. (Doc. 7 at 4.) GBF now moves to dismiss Warren's complaint on the ground she has failed to comply with the applicable federal and North Carolina rules of civil procedure. (Id. at 5).

## II. ANALYSIS

A civil action is commenced by the filing of a complaint and the issuance of a summons by the clerk of court. Fed. R. Civ. P. 4(b). The summons commands a defendant to appear and must be served with the complaint on each defendant. Fed. R. Civ. P. 4(a)

2

& (c). Service must be made in accordance with the rules. See, e.g., Fed. R. Civ. P. 4(e) & (j); N.C. R. Civ. P. 4(j). Further, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served [with the complaint and summons] within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

The summons must be served on each Defendant, along with a copy of the complaint, "by any person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(1)-(2). There are two ways to effectuate service on a corporation, such as GBF: (1) in accordance with state law; or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h), (h)(1). The applicable state law, the North Carolina Rules of Civil Procedure, permits service on a corporation by delivering a copy of the summons and complaint to (1) an "officer, director, or managing agent of the corporation;" (2) to an agent authorized to accept service; (3) by mailing a copy of the summons and complaint "registered or certified mail, return receipt requested" to an officer, director, or authorized agent; (4) or through use of an authorized delivery service pursuant to 26 U.S.C. § 7502(f)(2).

3

N.C. R. Civ. P. 4(j)(6).

When a defendant raises a defense pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), the plaintiff bears the burden of establishing that she has complied with them. Ballard v. PNC Financial Servs. Group, Inc., 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009)). And while Warren is proceeding *pro se* and is entitled to a certain liberal construction of her complaint, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the court need not ignore clear defects, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009). Even *pro se* litigants must follow the proper procedural rules of the court. And it is not the court's role to become an advocate for the *pro se* litigant. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Here, Warren has failed to carry her burden.[3] In fact, she has not responded at all to GBF's contentions other than to note that she has paid the filing fee of $400. (Doc. 13 at 1.) While it appears that no summons was presented for issuance by the Clerk of Court, it is undisputed that Warren never served GBF with a summons. (Doc. 7 at 4.) Moreover, she served the complaint

---

[3] GBF also contends that Warren has failed to file a charge with the Equal Employment Opportunity Commission and has not received a Notice of Right to Sue letter pursuant to 29 C.F.R. § 1601.28(b) et seq., prerequisites to suit. (Doc. 11 at 3.) The complaint appears to reflect as much. (Doc. 2 at 5.)

4

herself, which is impermissible under the federal rules because she is a party to this lawsuit. Fed. R. Civ. P. 4(c)(1)(2). Additionally, she served the complaint on her direct supervisor, Sonia Chum, who is not an officer, director, or agent authorized to accept service of process on behalf of GBF. (Doc. 7-1 at 2.) Based on these defects, the court finds that Warren has not complied with the federal and state requirements for effectuating service of process. Accordingly, GBF's motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process, respectively, will be granted, and Warren's complaint will be dismissed without prejudice. The court therefore need not reach GBF's remaining grounds for dismissal.

**III. CONCLUSION**

For the reasons stated,

IT IS ORDERED that GBF's motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process, respectively, are GRANTED, and Warren's complaint is DISMISSED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder
United States District Judge

August 24, 2021